UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zannie J. Lotharp, #35081-057, <br> a/k/a Zannie Jay Lotharp, <br>                      Petitioner, <br><br> vs. <br><br> Warden M. Joseph, <br>                      Respondent. | C/A No. 4:24-4580-RMG-TER <br><br><br><br> Report and Recommendation |

      Petitioner, a federal prisoner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. For the reasons that follow, the undersigned recommends that the Petition be denied.

## DISCUSSION

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is

subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.[1] Following the required initial review, it is recommended that the Petition should be summarily dismissed.

This action is Petitioner's fourth § 2241 action. Petitioner alleges he has never done any of the BOP administrative appeal steps. Petitioner alleges he has never filed a § 2255 motion; however, public records show Petitioner has filed multiple § 2255 motions. (ECF No. 1 at 4). Petitioner alleges he is being held in federal custody in violation of the Fourth, Fifth, and Sixth Amendments. (ECF No. 1 at 1). Petitioner did not answer the Petition question "explain why 2255 inadequate or ineffective to challenge your conviction or sentence." Ground one is Petitioner's argument that the warrant should come first and the indictment second. (ECF No. 1 at 9). Petitioner later makes frivolous allegations similar to his past § 2241 actions that were summarily dismissed, that he is a slave. (ECF No. 1 at 11). As relief, Petitioner requests "final judgment of discharge." (ECF No. 1 at 12).

---

[1] The Rules Governing Section 2254 Cases are also applicable to Section 2241 cases. *See* Rule 1(b) of Rules Governing Section 2254 Cases.

Public records show Petitioner was convicted after a jury trial. In 2023, the Fourth Circuit Court of Appeals affirmed the direct appeal. Petitioner filed several § 2255 motions in the sentencing court that did not count against him in March 2023 and January 2024. No. 1:19-cr-448-TDS(M.D.N.C.)(ECF No. 145). In March 2024, Petitioner filed a third § 2255 motion to which the court ordered the USA to respond. (ECF No. 150). In that 2255 motion, Petitioner alleged flaws in his indictment and Fourth Amendment violations. As of September 1, 2024, Petitioner's 2255 motion has not yet been ruled on by the sentencing court.

Petitioner cannot proceed under § 2241 because Petitioner cannot satisfy the savings clause, § 2255(e) because Petitioner is currently in the § 2255 process and awaiting a decision from the sentencing court. Petitioner is unable to demonstrate how his pending § 2255 motion is inadequate or ineffective to test the legality of his detention. *Jones v. Hendrix*, 599 U.S. 465 (2023) explained that § 2255(e) does not create an end around the specific limitations in § 2255. *Jones v. Hendrix* limits application of § 2255(h) to "the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." *Id.* The two instances set out in § 2255(h) are: newly discovered evidence that establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense and a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Even if Petitioner's 2255 were finally decided, none of the claims in this Petition satisfies § 2255(h). A petitioner may not use § 2255(e) to "circumvent" the "restrictions on second or successive § 2255 motions by filing a § 2241 petition. *Id.* Petitioner has not established that § 2255 is "inadequate or ineffective to test the legality of his detention," and he cannot proceed under § 2241. *Jones v. Hendrix* did not disturb the ruling that savings clause requirements are

jurisdictional. This court is without subject matter jurisdiction here and it is recommended this dismissal be without prejudice

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition in this case be dismissed without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED**.

September 17, 2024  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).