# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Zannie J. Lotharp, #35081-057, a/k/a Zannie Jay Lotharp,<br><br>   Petitioner,<br>v.<br><br>Warden M. Joseph,<br><br>   Respondent. | Case No. 4:24-4580-RMG<br><br>**ORDER AND OPINION** |

 Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending Petitioner's petition for writ of habeas corpus be denied without prejudice. (Dkt. No. 11). Petitioner filed a supplement to the habeas petition on September 23, 2024. (Dkt. No. 14). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's petition for writ of habeas corpus. (Dkt. No. 11).

 **I. Background**

 Petitioner Lotharp alleges that he is being held in federal custody in violation of the Fourth, Fifth, and Sixth Amendments. (Dkt. No. 1, p. 1). This is Petitioner's fourth § 2241 action. Petitioner alleges he has never filed a § 2255 motion; however, public records show Petitioner has filed multiple § 2255 motions. (Dkt. No. 1, p. 4). Petitioner failed to respond to the petition prompt: "Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence."

 Ground One of Petitioner's argument is that the warrant should come before the indictment. (Dkt. No. 1, p. 9). Petitioners frivolously alleges that he is a slave. (Dkt. No. 1, p. 11). As relief, Petitioner requests "final judgment of discharge." (Dkt. No. 1, p. 12).

Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

After careful review of the R & R, the record, and case law in this Circuit, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Petitioner's petition be denied without prejudice.

The Court agrees with the Magistrate Judge's analysis that the § 2241 process and Petitioner's prior conduct excludes him from filing the current petition. Public records show Petitioner was convicted after a jury trial. In 2023, the Fourth Circuit Court of Appeals affirmed the direct appeal. In March 2024, Petitioners filed his third § 2255 motion to which the sentencing court ordered the USA to respond. No. 1:19-cr-448TDS(M.D.N.C.) (Dkt. No. 145). As of September 1, 2024, Petitioner's § 2255 motion has not yet been ruled on by the sentencing court.

28 U.S.C § 2255(e) states that that "an application for a writ of habeas corpus in behalf of a prisoner . . . shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Because Petitioner is currently in the § 2255 process and awaiting a decision from the sentencing court, Petitioner cannot proceed under § 2241 since Petitioner cannot satisfy the savings clause, § 2255(e). A petitioner may not use § 2255(e) to "circumvent" the "restrictions on second or successive § 2255 motions by filing a § 2241 petition. *Jones v. Hendrix*, 599 U.S. 465 (2023). Further, Petitioner has also failed to establish that his pending § 2255 motion is inadequate or ineffective to test the legality of his detention.

This Court accepts the Magistrate Judge's recommendation to deny Petitioner's petition. (Dkt. No. 11).

### III.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 11) and **DENIES** Petitioner's petition. (Dkt. No. 1).

**AND IT IS SO ORDERED.**


    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 1, 2024
Charleston, South Carolina